UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY PEROT** | **CIVIL ACTION NO. 5:14-cv-0576** |
|     LA. DOC #576094 | |
| VS. | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN TIMOTHY KEITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jeremy Perot, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 17, 2014. Petitioner attacks his 2010 manslaughter conviction and the 40 year sentence imposed thereon by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was charged with second degree murder. On July 28, 2010, he pled guilty to manslaughter [Doc. 1-2, Exhibit G, pp. 22-33] and on September 28, 2010, he was sentenced to serve 40 years at hard labor. [Doc. 1, ¶3] He did not appeal. [Doc. 1, ¶6]

On July 5, 2012, he filed an "Application for Post Sentencing Relief and/or Alternative and Out of Time Appeal" in the First Judicial District Court raising the following claims for relief: (1) ineffective assistance of counsel for failing to challenged the imposition of the maximum sentence upon petitioner who was a principal to the offense and only 15 years old

when the crime was committed; (2) ineffective assistance of counsel for failing to object to the trial court's rejection of a 20-30 year sentencing cap; (3) ineffective assistance of counsel for failing to preserve the right to appellate review. [Doc. 1-2, Exhibit A, pp. 1-6]

On August 30, 2012, the Court denied relief but allowed petitioner to amend his motion to properly seek an out-of-time appeal. According to petitioner he thereafter submitted pleadings to prison officials for filing on September 16, 2012, November 5, 2012, and on some unspecified date in January 2013.

On September 16, 2012, petitioner filed a "Request for Reconsideration" in the First Judicial District Court seeking reconsideration of the Court's August 30, 2012, order denying post-conviction relief. Therein petitioner alleged that he was challenging the "...breach of the original sentence agreement of 15 years in return for my guilty plea as relayed to me by defense counsel which I told him to accept to which he failed to do resulting in an increase of sentence by 25 years..." He also alleged that his request for an out-of-time appeal was filed within two years of the date that sentence was imposed, September 28, 2010, and therefore the Court abused its discretion by not construing the pleadings as an application for post-conviction relief seeking an out-of-time appeal. [Doc. 1-2, Exhibit B, pp. 7-9]

Sometime in January, 2013, petitioner filed a *pro se* pleading styled "Application for Post-Conviction Relief" in which he claimed that following his plea and the imposition of sentence the trial court neglected to advise him of his right to an appeal. He also claimed that his plea was involuntary and that his attorney rendered ineffective assistance by promising him a sentence of 15 years and by suppressing evidence of petitioner's innocence. [Doc. 1-2, Exhibit C, pp. 11-12]

On May 8, 2013, the District Court denied relief with respect to petitioner's Application

2

for Post Sentencing Relief and/or Alternative an Out of Time Appeal [Doc. 1-2, p. 6]; his Request for Reconsideration [Doc. 1-2, p. 10]; and his application for post-conviction relief seeking an out of time appeal. [Doc. 1-2, p. 13]

On May 29, 2013, petitioner filed a *pro se* writ application in the Second Circuit Court of Appeals seeking review of the District Court's judgments of August 30, 2012, and May 8, 2013. [Doc. 1-2, Exhibit I, pp. 40-44] On some unspecified date the Court of Appeals apparently denied relief and petitioner thereafter sought review in the Louisiana Supreme Court. [Doc. 1-2, Exhibit J, pp. 46-51] On February 28, 2014, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Jeremy Perot v. State of Louisiana*, 2013-1878 (La. 2/28/2014), — So.3d —, 2014 WL 1283070.

Petitioner signed his *habeas* petition on March 15, 2014; it was received and filed on March 17, 2014.  Petitioner contends that he received ineffective assistance of counsel rendering his plea involuntary.  Specifically, he faults counsel for "[f]ailing to challenge the imposition of the maximum sentence...; [f]ailing to object to the trial court's rejection of the sentencing cap of 20 to 30 years offered verbally and accepted by defendant...; [f]ailing ... to preserve ... claims for appellate review ...; and, ... failure to accept the original offer of 15 years." He claims that his right to an appeal was denied, and, he claims that "[t]he State committed fraud upon the Court by suppression of Jake Morris, Annette Guilyan, Montrl Palmer, Willie Anderson, and Jabril Davis statements that I was not in the house on the date and time the shots were fired killing Mr. Pipkins." He claims that the trial judge "got involved with the plea decision of the district attorney who lead [sic] me to believe I would receive between 20-30 years for my guilty plea and sentenced me to 40 years by relying upon false evidence of co-defendants that I shot the victim..."

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's

---

[1] Nothing in the record suggests that any State created impediments prevented the filing of the petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B) or (C). To the extent that petitioner implies that he should be allowed to rely upon the provisions of subpart (D) because he is "actually innocent" and only recently discovered that the State suppressed the statements of co-defendants to establish that fact, such claim is discussed more fully in Part 2, below.

judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following September 28, 2010 (the date that petitioner was sentenced)[2] or, on or about October 28, 2010. Petitioner had one year from that date, or until October 28, 2011, to file his federal *habeas* petition. Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file his first collateral attack of his conviction in the District Court until July 5, 2012, and by that time the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

**2. Limitations – 28 U.S.C. §2244(d)(1)(D)**

Petitioner implies that limitations should be reckoned as provided in Section 2244(d)(1)(D), from "... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." He further implies that he only recently discovered that his co-defendants provided statements to establish his actual innocence. Of course, petitioner must have been aware of his "actual innocence" from the date upon which the offense was alleged to have been committed.

In addition, in his motion to obtain a copy of the plea colloquy transcript, he alleged that he made an oral motion to withdraw his guilty plea on September 8, 2010 "after learning that he

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

has witnesses who could and would testify as to his whereabouts at the time the crime was committed." [Doc. 1-2, Exhibit F, pp. 18-19] In other words, by his own admission, he was aware of the factual basis for his claim of actual innocence at a point in time that precedes the date that his judgment of conviction and sentence became final. urther, petitioner has not presented any evidence to establish his innocence and refute his sworn admission of guilt.[3]

### 3. *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

---

[3] During the plea colloquy, the prosecutor articulated the factual basis of the plea as follows, "Your Honor, the State has charged that on or about September 1, 2006 the defendant, Jeremy Perot, did commit the offense, responsively, of manslaughter, in that he was a principal to the robbery and shooting death of one, Kenny Wayne Pipkins. The circumstances, of course, have been adduced through testimony, but essentially Mr. Pipkins was assaulted and accosted in the abandoned house at 114 Leroy Street where he lived here in Caddo Parish. His Social Security money was demanded from him, he was chased into the bedroom where he made his living or his, made his residence, and was shot through the door and his money was taken from him. Mr. Perot was a principal to these acts, and is therefore guilty as a principal to the offense of manslaughter responsively." When called upon to state whether these allegations were true he responded affirmatively. [See Doc. 1-2, pp. 29-30]

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 24, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**

8